

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street*                                                (203) 821-3700
*P.O. Box 1824*                                               Fax (203) 773-5376
*New Haven, Connecticut  06510*                    www.usdoj.gov/usao/ct

May 16, 2005

John A. Acampora, Esq.
Cohen & Acampora
8 Frontage Road
East Haven, CT   06512

Re: United States v. United Concrete Products, Inc.
Criminal No. 3:05CR 127 (SRU)

Dear Mr. Acampora:

This letter confirms the plea agreement entered into between your client, United Concrete Products, Inc. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal case.

The Plea and Offense

The defendant agrees to waive its right to be indicted and to plead guilty to a single count information charging it with making a false statement in a matter within the jurisdiction of the government of the United States, in violation of 18 U.S.C. § 1001. The defendant understands that in order to be guilty of this offense, the following must have occurred:

    1.    That on or about the date specified in the information, the defendant made a materially false, fictitious and fraudulent statement;

    2.    That the defendant acted willfully and knowingly; and

    3.    That the materially false, fictitious and fraudulent statement was with respect to a matter within the jurisdiction of the government of the United States.

The Penalties

This offense carries a maximum penalty of five years probation and a fine. The defendant is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the

offense; or (3) $500,000. The Court may impose a term of probation that may include a condition requiring the payment of restitution for the full amount of the victim's loss. U.S.S.G. §§ 8B1.1, 8D1.1, and 8D1.4. Other conditions may include requiring the defendant to remedy the harm caused by the offense and to eliminate or reduce the risk that the instant offense will cause future harm, and community service, U.S.S.G. §§ 8B1.2(a) and 8B1.3.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

The defendant has requested a global resolution of the issues in this matter, including resolutions of its criminal and civil liabilities. The Government and the defendant have agreed that a payment by the defendant to the Government in the amount of $500,000, to be apportioned between a criminal fine and a civil settlement, will resolve the defendant's criminal and civil liabilities.

The fine range to which the defendant is subject, as set forth in the Guideline Stipulation infra, is $85,000 to $170,000. The defendant and the Government agree that, under the circumstances of this case, a reasonable criminal fine is $85,000. The defendant will pay $415,000 to the United States Department of Transportation pursuant to a civil Settlement Agreement. If a fine of less than $85,000 is imposed when the defendant is sentenced, the amount by which the fine is reduced will be added to the $415,000 that the defendant will pay to the United States Department of Transportation.

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. §3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. The Government and the defendant submit that the money paid by the defendant under the terms of the civil Settlement Agreement, as generally described above, satisfies the requirement for criminal restitution pursuant to 18 U.S.C. § 3663A.

Sentencing Guidelines

1. Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate

sentence in this case. *See United States v. Booker*, 125 S.Ct. 738 (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that it has no right to withdraw its guilty plea if its sentence or the Guideline application is other than he anticipated.

2. Guideline Stipulation

Chapter eight of the Sentencing Guidelines apply in this case. The Government and the defendant calculate the defendant's applicable Sentencing Guidelines using the November 2000 Guidelines Manual to be at a fine range of $85,000 to $170,000.

U.S.S.G. § 8C2.3(a) directs the use of the appropriate Chapter 2 guideline to determine the base level and any adjustments for an offense covered by § 8C2.1. The base level offense under U.S.S.G. § 2F1.1 is 6. Six levels are added for a loss greater than $70,000 but less than $120,000. In addition 2 levels are added for more than minimal planning, resulting in a total offense level of 14. U.S.S.G. § 8C2.1(a) instructs how fines for organizations whose offense levels are determined under U.S.S.G. § 2F1.1 are to be calculated. The base fine for an organization with a 2F1.1 offense level of 14 is $85,000. U.S.S.G. § 8C2.4(d).

Pursuant to U.S.S.G. § 8C2.5(a), the defendant's culpability score starts with 5 points. Because the defendant had 50 or more employees at the time of the offense, 2 points are added under U.S.S.G. § 8C2.5(b)(4). Two points are subtracted because the defendant cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, U.S.S.G. § 8C2.5(g)(2), resulting in a culpability score of 5. Pursuant to U.S.S.G. § 8C2.6, with a culpability score of 5, the minimum fine multiplier is 1.00, and the maximum multiplier is 2.00. Thus, the defendant's fine range is $85,000 to $170,000. U.S.S.G. § 8C2.7.

The Government will recommend the acceptance points only if the defendant fully, completely, and truthfully discloses to the Probation Office the information requested, the circumstances surrounding its commission of the offense, and its criminal history. This recommendation is further conditioned upon the defendant's submission to the Probation Office, prior to the date of sentencing, of a complete and truthful financial statement setting forth all assets, including but not limited to, cash deposits, securities, real estate, and other property owned by or held on behalf of the defendant in the defendant's own name or any other name. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation of the two point reduction. Also, the Government will not make this recommendation if the defendant engages in any acts which (1) indicate that it has not terminated or withdrawn from criminal conduct or associations (U.S.S.G. § 3E1.1); (2) could provide a further basis for an adjustment for obstructing or impeding the administration of justice (U.S.S.G. § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this

recommendation if the defendant seeks to withdraw its guilty plea. The defendant expressly understands that it may not withdraw its plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline fine range specified above or the parties' positions concerning a particular sentence. The defendant further expressly understands that it will not be permitted to withdraw the plea of guilty if the Court does not impose a sentence it requests or imposes a sentence outside the Guideline range set forth in this agreement.

### 3. Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances it is entitled to appeal its conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack its conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 or 2241, if that sentence is within the Guideline range identified above, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that it is waiving its appellate rights knowingly and intelligently. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the agreed Guideline calculation.

### 4. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## Waiver of Rights

### 1. Waiver of Right to Indictment

With respect to the offense in the information, the defendant understands that it has the right to have the facts of the offense presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that it committed the offense set forth in the information before an indictment could be returned. The defendant expressly acknowledges that it is waiving, knowingly and intelligently, its right to be indicted on the offense.

2. Waiver of Trial Rights and Consequences of Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if it pleads guilty, the Court may ask its authorized agent questions about the offense to which it is pleading guilty, and if those questions are answered falsely under oath, on the record, and in the presence of counsel, the answers may later be used against the defendant in a prosecution for perjury or making false statements.

3. Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Breach of Agreement

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.

In the event the Government voids the plea agreement, the defendant will be subject to prosecution for the underlying offense.

Acknowledgment of Guilt; Voluntariness of Plea

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or

coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in this case.

## Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations, other than those set forth in this letter, have been made to it with respect to any civil or administrative consequences that may result from the plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

## Collateral Consequences

The defendant further understands that it will be adjudicated guilty of the offense to which it has pleaded guilty and may thereby be deprived of certain rights, such as acting as a prime contractor or a subcontractor on a construction project receiving federal funds. The defendant understands that the Government reserves the right to notify any state or federal agency by whom it is licensed, or with whom it does business, or any other person or entity of the fact of its conviction.

## Satisfaction of Federal Criminal Liability

The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of Connecticut as a result of submitting false certifications in a matter within the jurisdiction of the United States Department of Transportation, as alleged in the information. The defendant expressly understands and agrees that this agreement does not address any other federal criminal liability it may have in Connecticut or elsewhere.

## No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

CALVIN B. KURIMAI
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had enough time to discuss it with its attorney, that its attorney has answered any questions it had about it, that it sets forth the entire agreement and understanding between it and the Government, and that it fully understands and accepts the terms thereof.

_____           _____
JOHN A. ACAMPORA                            Date   5/16/05
on behalf of
UNITED CONCRETE PRODUCTS, INC.

I have read or thoroughly reviewed the plea agreement letter and its attachment to my client, who advises me that it understands and accepts its terms.

_____           _____
JOHN A. ACAMPORA                            Date   5/16/05
Counsel for United Concrete Products, Inc.

The foregoing has been read, acknowledged and agreed to by:

UNITED CONCRETE PRODUCTS, INC.

By: _____        5-16-05
    Jonathan T. Gavin, President            Date

-7-

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

        The greater of -

        (I) the value of the property on the date of the damage, loss, or destruction; or

        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

The order of restitution shall be a condition of probation or supervised release. The order of restitution also has the effect of a civil judgment against the defendant. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's resentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any victim(s) of its offense under 18 U.S.C. § 3555.